**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EBENEZER OLUDOTUN** | **CIVIL ACTION** |
| **v.** | **NO. 25-2819** |
| **BILATERAL CREDIT CORP LLC** | |

<u>**MEMORANDUM RE: MOTION TO DISMISS**</u>

Baylson, J.                                                                                    **November 17, 2025**

Plaintiff Ebenezer Oludotun ("Plaintiff Oludotun") commenced this action asserting violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Defendant Bilateral Credit Corporation LLC ("Defendant") seeks dismissal of Plaintiff Oludotun's claims. Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff Oludotun is **GRANTED** leave to file an amended complaint. Separately, Plaintiff Oludotun seeks leave to file a surreply. Plaintiff Oludotun's Motion for Leave to File a Surreply is **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

This dispute arose from a signing bonus that Plaintiff Oludotun acknowledges he received as part of his employment and did not repay. Amended Complaint, at 2, ECF 19. Plaintiff Oludotun alleges that the bonus was $5,948, while Defendant alleges the amount is $9,000. <u>Id.</u> Plaintiff Oludotun allegedly requested documentation to support the higher figure, which he alleges Defendant did not provide. <u>Id.</u>

Beginning on or about February 17, 2025, Defendant allegedly sent letters and voicemails to Plaintiff Oludotun regarding the debt. <u>Id.</u> at 3. Plaintiff Oludotun alleges that he did not receive any of those communications. <u>Id.</u> On or about March 11, 2025, Defendant allegedly reported the

debt to credit bureaus.  Id.  Plaintiff Oludotun alleges this occurred before his first contact with Defendant and before any opportunity to dispute the debt.  Id.  Plaintiff Oludotun alleges that Defendant did not send any verification documents until after the debt had already been reported. Id. at 4.

On or about April 23, 2025, Plaintiff Oludotun allegedly submitted a written dispute to Defendant under the FDCPA and FCRA.  Id. at 2-3.  He allegedly requested validation of the debt, including the name of the original creditor, the account number, a breakdown of charges, and proof of Defendant's authority to collect in Pennsylvania.  Id. at 3.  Plaintiff Oludotun also allegedly requested that all future communication be made in writing.  Id.  Defendant allegedly responded that the FDCPA did not apply and that federal labor law governed the obligation.  Id. at 3.  In addition, Defendant allegedly stated that the debt would remain on Plaintiff Oludotun's credit report for seven years and that further contact must come through counsel.  Id.

On or about May 5, 2025, Plaintiff Oludotun allegedly contacted Defendant to pay the debt. Id. at 2.  Plaintiff Oludotun alleges that Defendant's representative refused to accept payment and allegedly called him "the most difficult human in the world" and ended the call by stating, "I will see you in court."  Id.

On May 7, 2025, Plaintiff Oludotun filed a Complaint in the Magisterial District Court for the County of Delaware.  ECF 1.  On June 2, 2025, Defendant removed the case to this Court. ECF 1.  On June 6, 2025, this Court granted Defendant's Motion for an Extension to Respond to Plaintiff Oludotun's Complaint and set July 9, 2025, as the deadline.  ECF 7 and 8.  On June 18, 2025, this Court issued an Order (ECF 10) that it would construe Plaintiff Oludotun's June 12, 2025, filing (ECF 9) as an amended complaint and that Plaintiff Oludotun must promptly re-file

the Amended Complaint, signed with all the exhibits, prior to July 2, 2025. On July 23, 2025, this Court struck the unsigned Amended Complaint (ECF 9). ECF 15.

On July 24, 2025, this Court granted Plaintiff Oludotun leave to file a signed amended complaint within twenty-one (21) days. ECF 16. On August 10, 2025, Plaintiff Oludotun filed his Amended Complaint. ECF 17. On August 11, 2025, Plaintiff Oludotun filed another Amended Complaint. ECF 19.

Plaintiff Oludotun's Amended Complaint (ECF 19) brought claims for violations of the Fair Debt Collection Practices Act (Count I), 15 U.S.C. §§ 1692g, 1692e, 1692f, including failing to validate the debt, making false or misleading representations, and using unfair or unconscionable collection practices. Id. at 4. Plaintiff Oludotun also asserted claims for violations of the Fair Credit Reporting Act (Count II), 15 U.S.C. § 1681s-2(b), including reporting inaccurate or unverifiable information and failing to conduct a reasonable investigation after a dispute. Id. at 5.

On August 25, 2025, Defendant filed its Motion to Dismiss. ECF 20. On September 12, 2025, Plaintiff Oludotun filed his Response. ECF 22. On September 19, 2025, Defendant filed its Reply. ECF 23. On September 22, 2025, Plaintiff Oludotun filed a surreply. ECF 24. On September 24, 2025, this Court struck Plaintiff Oludotun's Surreply (ECF 24) that was filed without leave. ECF 25. On September 25, 2025, Plaintiff Oludotun filed his Motion for Leave to File a Surreply. ECF 28. On October 10, 2025, Defendant filed its Opposition to Plaintiff Oludotun's Motion for Leave to File a Surreply. ECF 29.

## II.    THE PARTIES' CONTENTIONS

### A.  Defendant's Contentions

Defendant's Motion to Dismiss presents two arguments: first, that the signing bonus does not qualify as a debt under the FDCPA (Count I), and second, that Plaintiff Oludotun failed to notify a consumer reporting agency, which is required to state a claim under the FCRA (Count II). ECF 20.

To state a claim under the FDCPA, Defendant notes that the signing bonus must be a "debt" under the statute, which is defined as an obligation arising from a transaction for personal, family, or household purposes.  Id. at 5.  Defendant contends that courts have consistently ruled that commercial obligations are not debts under the FDCPA.  Id. at 2 (citing, among others, Cronin v. Oakes, No. CIV.A. 14-2412, 2014 WL 7398949, at *1-3 (E.D. Pa. Dec. 30, 2014) (DuBois, J.); Isaacson v. Saba Com. Servs. Corp., 636 F. Supp. 2d 722, 725 (N.D. Ill. 2009)).  Defendant also asserts the Third Circuit held that a qualifying debt under the FDCPA must arise from a transaction involving the extension of credit and a consumer purpose.  Id. (citing Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1168-69 (3d Cir. 1987)).

Defendant argues that Plaintiff Oludotun's FDCPA claims fail because the obligation— here, the alleged signing bonus—is business-related rather than primarily for personal, family, or household purposes.  Id. at 5-7.  Defendant contends that because the obligation allegedly arose from Plaintiff Oludotun's employment, the obligation is commercial rather than personal.  Id. at 5-6.  Moreover, Defendant contends that Plaintiff Oludotun does not allege that the funds were used for personal purposes.  Id. at 7.

Turning to the FCRA, Defendant contends that Plaintiff Oludotun failed to satisfy the threshold requirement that the consumer must submit a dispute to a consumer reporting agency

("CRA").  Id. at 8-9.  Defendant argues that Plaintiff Oludotun directed the dispute only to Defendant, a furnisher, and Plaintiff Oludotun does not allege that any CRA ever notified Defendant.  Id. at 9.  Defendant also argues that a claim under 15 U.S.C. § 1681s-2(a) would be futile because there is no private right of action under that section.  Id.

In its Reply, Defendant reiterates its claim that Plaintiff Oludotun failed to allege any personal or household use of the funds and instead relies on conclusory statements about personal expenses.  ECF 23, at 2-3.  Defendant maintains the signing bonus is part of a commercial transaction between employer and employee.  Id.  As to the FCRA, Defendant again contends that no CRA notice is alleged.  Id. at 1-2.  Defendant further argues that Plaintiff Oludotun never reported a dispute to a CRA and therefore should not be granted leave to amend.  Id. at 3.  In its Opposition to Plaintiff Oludotun's Motion for Leave to File a Surreply, Defendant argues that it raised no new arguments in its Reply.  ECF 29.

### B.  Plaintiff Oludotun's Contentions

Plaintiff Oludotun opposes the Motion to Dismiss and argues that the signing bonus qualifies as a debt under the FDCPA and that his FCRA claim is adequately pleaded or should be allowed to be amended.  ECF 22.

Plaintiff Oludotun argues that the signing bonus falls within the scope of the FDCPA because the funds were for personal expenses and not part of a commercial transaction.  Id. at 2. Plaintiff Oludotun contends that Defendant's assertion that the obligation is commercial is misplaced, because the funds were provided to him for personal use.  Id.  Plaintiff Oludotun argues the signing bonus did not involve commercial goods or corporate services like the cases that Defendant cites.  Id.

As to the FCRA, Plaintiff Oludotun asserts that his allegation of a violation under 15 U.S.C. § 1681s-2(b) implies that a credit reporting agency received notice of the dispute. Id. at 2-3. Alternatively, Plaintiff Oludotun requests leave to amend the Complaint to include a specific allegation that he notified a credit reporting agency of the dispute. Id. at 3.

In his Motion for Leave to File a Surreply, Plaintiff Oludotun asserts that Defendant improperly raised new arguments and authority in its Reply Brief. ECF 28. Plaintiff Oludotun identifies the following new matters: (1) an assertion that Plaintiff Oludotun failed to file a dispute with a consumer reporting agency; (2) a renewed argument that the obligation is commercial in nature; (3) reliance on new cases; and (4) new factual representations regarding Plaintiff Oludotun's conduct and procedural compliance. Id. at 1-2.

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a Plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts all facts alleged in Plaintiff Oludotun's Complaint as true and in determining whether Plaintiff Oludotun has stated a plausible claim, draws all reasonable inferences in Plaintiff Oludotun's favor. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). While the Court "construe[s] ... pro se filings liberally[,]" Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

## IV.    DISCUSSION

The Third Circuit has noted that the FDCPA has a remedial purpose to eliminate the abusive practices by debt collectors and protect consumers.  St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 358 (3d Cir. 2018).  "'A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'"  Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000) (quoting Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987)).  The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C § 1692a(5).  "As the terms 'transaction' and 'personal, family, or household purposes' are not further defined in the statute, the definition of 'debt' has proven elusive."  St. Pierre, 898 F.3d at 358.  Whether a signing bonus is a "debt" under the FDCPA is a matter of second impression nationally.

Although the Third Circuit has not ruled on this issue, several courts have treated obligations arising from employer–employee relationships as a debt under the FDCPA.  The Northern District of Illinois concluded that a signing bonus is a "debt" under the plain meaning of the FDCPA, reasoning that employment compensation is typically used for personal or household expenses.  See Wadsworth v. Kross, Lieberman & Stone, Inc., No. 17 C 8167, 2019 WL 8405215, at *1-3 (N.D. Ill. Feb. 1, 2019), rev'd and remanded on other grounds, 12 F.4th 665 (7th Cir. 2021) ("The FDCPA applies on its face to consensual consumer transactions. . . . Wadsworth's [the Plaintiff] signing bonus plainly qualifies. . . . She [the Plaintiff] presumably worked to support

herself and her family, stating that she used the funds to pay medical bills and household expenses.").

In Thompson v. Diversified Adjustment Serv., Inc., the district court found that an employer's loan to an employee met the FDCPA definition of a debt. No. CIV.A. H-12-922, 2013 WL 3973976, at *9 (S.D. Tex. July 31, 2013) ("Thompson [the Plaintiff] stated that the money was a loan that she used 'for personal purposes [including] everyday living expenses, such as clothes and groceries.'") (second alteration in original). In addition, the Eleventh Circuit acknowledged in dicta that debts arising from employer–employee loans could fall under the FDCPA. See Surber v. McCarthy, Burgess & Wolff, Inc., 634 F. App'x 292, 295 n.3 (11th Cir. 2015) (dicta implying that if a plaintiff's former employer loaned them money, then that would be a debt under the FDCPA).

The cases Defendant relies on in support of its Motion to Dismiss involve commercial transactions that are not persuasive here. See, e.g., Cronin v. Oakes, No. CIV.A. 14-2412, 2014 WL 7398949, at *1–3 (E.D. Pa. Dec. 30, 2014) (DuBois, J.) (involving a business-to-business transaction for court reporting services); Isaacson v. Saba Com. Servs. Corp., 636 F. Supp. 2d 722, 725 (N.D. Ill. 2009) (involving a nonprofit's rental of an RV). These cases involving business-to-business transactions are inapposite to the context of the alleged salary bonus, which is a form of employment compensation provided to an individual, not a commercial entity. Moreover, Defendant's reliance on the dicta in Zimmerman v. HBO Affiliate Group is misplaced. 834 F.2d 1163 (3d Cir. 1987). The Third Circuit has since disavowed that dicta. See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 401 (3d Cir. 2000) ("We are not bound by the 'disavowed' statement in Zimmerman, as it was dictum.").

Here, Plaintiff Oludotun's alleged signing bonus may be a type of employment compensation that individuals ordinarily use to support personal, family, or household needs, making it a transaction contemplated under the FDCPA's definition of "debt." ECF 19, at 2. Defendant's Motion to Dismiss the FDCPA claim (Count I) is therefore **DENIED**.

"The FCRA is a statute 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" Ritz v. Equifax Info. Servs., LLC, No. 23-2181, 2025 WL 1303945 (3d Cir. 2025) (citing Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010)). The FCRA system applies to two primary parties: credit reporting agencies ("CRAs"), which compile reports about consumers and make them available, and furnishers, which provide information about consumer to CRAs. Ingram v. Experian Info. Sols., Inc., 83 F.4th 231, 237 (3d Cir. 2023). To trigger the duties imposed on furnishers under 15 U.S.C. § 1681s-2(b)(1)(A)-(E), a consumer must notify a CRA about inaccuracies in their credit report. SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011). Notice to a furnisher cannot come directly from a consumer. Id.

Plaintiff Oludotun's Amended Complaint does not sufficiently allege that a dispute was filed with a CRA. Given that Plaintiff Oludotun is *pro se*, leave to amend is appropriate. Plaintiff Oludotun's amended complaint must allege the facts as to whether and when a CRA was notified. Defendant's Motion to Dismiss the FCRA claim (Count II) is therefore **GRANTED**. Plaintiff Oludotun's FCRA claim (Count II) is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff Oludotun is **GRANTED** leave to amend.

As to Plaintiff Oludotun's Motion for Leave to File a Surreply (ECF 28), the record shows Defendant previously raised each argument identified as new by Plaintiff Oludotun. Defendant

argued that Plaintiff Oludotun failed to file a dispute with a CRA (ECF 20, at 9) and that the obligation was commercial.  Id. at 5-7.  The additional cases Defendant cited in its Reply support the arguments already made and do not materially expand them.  Therefore, Plaintiff Oludotun's Motion for Leave to File a Surreply (ECF 28) is **DENIED**.

**V.     CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF 20) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff Oludotun's Motion for Leave to File a Surreply (ECF 28) is **DENIED**.  Plaintiff Oludotun is **GRANTED** leave to amend his Complaint.  An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-2819 Oludotun v Bilateral Credit Corp\25cv2819 MTD Opinion.docx